1
2
3
ARIEL MENDONES
2416 W Tennyson Rd Apt 298
Hayward, CA 94545
Tel.: (510)470-1563
Email: mendonesa8@gmail.com

4
5
6
MARIDOL MENDONES
1800 Threlkel St.,
Reno, NV 89512
Tel.: (510)502-2398
Email: mcruz_tx_usa@yahoo.com

7

8
*Defendants, In Pro Se*

9
10
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**NW**

11

**CR 26-90193 MISC**

12
13
UNITED STATES OF AMERICA,

*Plaintiff*

CASE NUMBER: _____

WARRANT NO.: 2025_9275

**KAW**

14
15
v.

ARIEL MENDONES
MARIDOL MENDONES,

**NOTICE OF REMOVAL FROM
CALIFORNIA STATE COURT TO
CALIFORNIA FEDERAL COURT**

16
17
*Defendants*

18
19
20
21
22
23
In Re: SERVED TO YAHOO AND
GOOGLE A SEARCH WARRANT TO
SEARCH AND SEIZE PROPERTIES
FOR ALL RECORDS ASSOCIATED
WITH THE FOLLOWING
ACCOUNTS:
MCRUZ_TX_USA@YAHOO.COM
AKASWAKI@YAHOO.COM
MENDONESA8@GMAIL.COM

24
25
/ / / / / / / / /

26
27
28

NOTICE OF REMOVAL FROM CA STATE COURT TO CA FEDERAL COURT

1

2

**NOTICE OF REMOVAL FROM CALIFORNIA STATE COURT
TO CALIFORNIA FEDERAL COURT**

3

TO:  THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

4

5

6

7

8

9

10

11

12

13

PLEASE TAKE NOTICE that Defendants, Ariel Mendones and Maridol Mendones have removed to the United States District Court for the Northern District of California, Oakland Division in the criminal proceeding on the issued search warrant to search and seize properties of all records associated with the following accounts: mcruz_tx_usa@yahoo.com, akaswaki@yahoo.com and mendonesa8@gmail.com, with case name as United States of America v. Mendones, et al, without assigned case number yet, [unless will assign one], thereby considered as under miscellaneous filing, now pending in Alameda Superior Court, Rene C. Davidson Courthouse in Oakland, CA, but no assigned case number as well. A copy of all process and pleadings served upon to date in the State Court's proceeding are attached as Exhibit_A.

14

Defendants' grounds for removal are as follows:

15

16

1.     **This Process is Founded on a Right Arising Under the Laws of the
United States on Federal Question and or Subject Matter
Jurisdiction for Franks Hearing Motion and Fourth Amendment.**

17

18

19

20

21

22

A.     **28 U.S.C. § 1441(a).** The State Court's proceeding is removable to this Court pursuant to 28 U.S.C. § 1441(a) as Defendants move to Franks hearing petition motion, an action considered as federal question and or subject matter jurisdiction arising under the laws of the United States, specifically, under the Fourth Amendment and in reference to federal case law under *Franks v. Delaware*, 438 U.S. 154 (1978). Accordingly, this matter presents a federal question and or subject matter, and removal is appropriate under 28 U.S.C. § 1441(a).

23

24

25

26

27

28

B.     **28 U.S.C. § 1332.** The State Court's proceeding is removable to this Court pursuant to 28 U.S.C. § 1332. That on year 2025, the couple Ariel Mendones and Maridol Mendones got separated and Maridol Mendones thereafter became domiciled in Reno, Nevada. That grants federal district courts original jurisdiction over action or proceeding between citizens of different states. (*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which

they intend to return. See *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

**C.     28 U.S.C. § 1455.** Defendants comply on the procedural requirements in removing criminal prosecution from state court to a U.S. District Court. Defendants submit a notice of removal both with state court and federal court, thus jurisdiction has shifted to federal court and state court should halt proceedings.

**2.     This Notice of Removal is Timely and Complete and Has Been Properly Served.**

On January 13, 2026, the Yahoo Legal Team notified both users of the served search warrant in reference to yahoo accounts. On January 20, 2026, the Defendants submitted a notice motion to quash and suppress the issued search warrant. No case number assigned yet by the court clerks at Alameda Superior Court in both Oakland and Fremont, California, but rather only marked stamped "Received" the purported document. Defendants first raised petition motion for Franks hearing on February 08, 2026, in which the case law is under federal jurisdiction, and at the same time, one of the Defendants is domicile in different state, thereby makes the jurisdiction under united states federal court. This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b). All requirements for removal are met. See *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Defendants have provided written notice of this Notice of Removal at Alameda Superior Court, Rene C. Davidson Courthouse in Oakland, California, District Attorney's Office and clerk of court. A true and complete copy of this Notice will be filed in the State Court proceeding.

Dated:     February 08, 2026                    Respectfully submitted,

                                                _____
                                                ARIEL MENDONES
                                                *Defendant, In Pro Se*

                                                _____
                                                MARIDOL MENDONES
                                                *Defendant, In Pro Se*

1 | Case Number: _____    Warrant Number:  2025_9275

2 | ## PROOF OF SERVICE

3

4 | I am a citizen of the United States. My address is 2416 W Tennyson Rd. Hayward, CA 94545. I am over the age of 18 years and not a party in this cause of action. I am familiar with the collection and processing of mailing in the United States Postal Service and is deposited the same day as the day of collection in the ordinary course of business.

5

6 | On February 08, 2026, and or later dates, the following ordinary business practice, I serve a true copy of the foregoing document described as:

7

8 | **NOTICE OF REMOVAL TO UNITED STATES NORTHERN DISTRICT OF CA**

9 | I serve on the address as follows:

| THE INTERNET SERVICE PROVIDER known as Google LLC Attn: Google Legal/Investigations Support 1600 Amphitheatre Parkway Mountain View, CA. 94043 Phone: (844) 383-8524 Email: uslawenforcement@google.com Service via digital upload: Law Enforcement Request System (LERS) | THE INTERNET SERVICE PROVIDER known as: Yahoo Inc. Attn: Custodian of Records 391 San Antonio Rd (Floors 5 & 6) Mountain View, CA 94040 Service via electronic upload: https://app.kodexglobal.com/ yahoo-inc/signup

YAHOO! LEGAL CONTACT INFORMATION Compliance Team, Yahoo! Inc. 701 First Avenue Sunnyvale, California 94089 Phone: 408-349-3687 Fax: 408-349-7941 | ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE California Department of Justice Hiram Duncan, Special Agent Rene C. Davidson Courthouse 1225 Fallon Street Room 900 Oakland, CA 94612 Phone: (510) 272-6222 Email: Alcoda@acgov.org |
|---|---|---|

20 | Via certified and or first-class postal mail and email.

21

22 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration executes on February 08, 2026, in Hayward, CA.

23

24 | _PnWright_
PENNY WRIGHT
*Declarant, Server*

25 | / / / / / / / /

26

27

28

# EXHIBIT_A: The Issued Search Warrant and the Affiant's Information Material

# EXHIBIT_A: The Issued Search Warrant and Defendants' Motion to Quash, to Suppress and to Return/Destroy Evidence

# SUPERIOR COURT OF CALIFORNIA
## County of Alameda

## SEARCH WARRANT

**THE PEOPLE OF THE STATE OF CALIFORNIA**
to any peace officer in Alameda County

Warrant No. 2025-9275

The affidavit below, sworn to and subscribed before me, has established probable cause for this search warrant which you are ordered to execute as follows:

**Place(s) to be searched**: Described in Exhibit 1A, *attached* hereto and incorporated by reference.

**Property to be seized**: Described in Exhibit 1B, *attached* hereto and incorporated by reference.

**Night service**: [If initialed by judge] For good cause, as set forth in the Statement of Probable Cause, night service is authorized: _____

**Disposition of property**: All property seized pursuant to this search warrant shall be retained in the affiant's custody pending further court order pursuant to Penal Code §§ 1528(a), 1536.

11/24/25          2:41 PM
_____          _____
Date and time warrant issued                         Judge of the Superior Court

### ◆ AFFIDAVIT ◆

**Affiant's name and agency**:  Special Agent Hiram Duncan, California Department of Justice

**Incorporation**: The facts in support of this warrant are contained in the Statement of Probable Cause which is incorporated by reference. Incorporated by reference and *attached* hereto are Exhibit 1A, describing the place(s) to be searched; and Exhibit 1B, describing the evidence to be seized.

**Evidence type**: (Penal Code § 1524)

☐ Stolen or embezzled property.

☑ Property or things used as a means of committing a felony.

☑ Property or things that are evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony.

☐ Property or things consisting of evidence that tends to show that sexual exploitation of a child, in violation of Penal Code § 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Penal Code § 311.11 has occurred or is occurring.

☐ Firearms, deadly weapons: The warrant authorizes a search for a deadly weapon in the following premises:
   **5150**: The premises are occupied or controlled by a person who is in custody on a 5150 W&I hold.
   **Domestic violence**: The premises are occupied by a person arrested for a domestic violence incident involving threatened harm.
   **No firearms order**: The premises are owned or controlled by a person who is prohibited from possessing firearms pursuant to Family Code § 6389.

☐ **Night Service**: [If checked] Authorization for night service is requested based on information contained in the Statement of Probable Cause, filed herewith.

**Authorization to implement special procedure(s)**: The Affidavit filed herewith has demonstrated legal justification for the implementation of the following special procedures which shall be employed by the officers who execute this warrant:

1

11/24/25 26w

**California's Electronic Communications Privacy Act (ECPA) ORDER**
IT IS HEREBY ORDERED that pursuant to California Penal Code § 1546.1(d)(2), any information obtained through the execution of this warrant that is unrelated to the objective of the warrant shall be sealed and shall not be subject to further review, use, or disclosure absent an order from the Court, or to comply with California code 1054 and Brady v Maryland.

**Certificate of Records ORDER**
IT IS HEREBY ORDERED that In compliance with the California Electronic Communications Privacy Act, the Service Provider listed in the search warrant shall provide a valid "Certificate of Records" document consisting of an affidavit which meets requirements of California Evidence Code section 1561 and that the document be returned to the affiant along with a copy of the requested records.

**Five Business Day Record Production ORDER**
IT IS HEREBY ORDERED that the organizations described in this search warrant shall produce the requested records within five (5) business days of receipt of this search warrant.

**California's Prohibited Violation Attestation**
Based on the declaration, the Court finds this search warrant is not related to an investigation into, or enforcement of, a prohibited violation as defined in California Penal Code § 629.51.

**Extension Date of Return to Search Warrant**
IT IS HEREBY ORDERED the affiant or representative of the California Department of Justice need not return this warrant and produce the records within the required days of service to this court for good cause demonstrated in the affidavit. Instead, the warrant and records shall be produced promptly upon receipt. If the requested records are not provided to your affiant within 90 days of the execution of this search warrant, said affiant shall return a notice informing the court of the non-production of records or petition the Court for an extension on or before 01/22/2026.

**Delayed notification order:** The affidavit herein has established sufficient reason to believe that immediate compliance with the notice requirements set forth in Penal Code § 1546.2(a) will result in tampering or destruction of evidence and jeopardize an investigation. Accordingly, pursuant to Penal Code § 1546.2(b)(1), it is hereby ordered that **neither the law enforcement officer(s) who execute this warrant nor the providers receiving the warrant shall give such notification** until one of the following circumstances exist: (1) there is sufficient reason to believe that the threat cited above will not occur, or (2) the passage of 90 days from the date the warrant was executed. This delay of notice may be extended by seeking additional orders.

**Declaration:** I declare under penalty of perjury that the information within my personal knowledge contained in this affidavit, including all incorporated documents, is true.

_11/24/2025_
Date

_Affiant_

Special Agent Hiram Duncan

2

11/24/25

### _Exhibit 1A – Place(s) to be searched:_

**THE INTERNET SERVICE PROVIDER known as Google LLC**
Attn: Google Legal/Investigations Support
1600 Amphitheatre Parkway
Mountain View, CA. 94043
Phone: (844) 383-8524
Email: uslawenforcement@google.com
Service via digital upload: Law Enforcement Request System (LERS)

**THE INTERNET SERVICE PROVIDER known as: Yahoo Inc.**
Attn: Custodian of Records
391 San Antonio Rd (Floors 5 & 6)
Mountain View, CA 94040
Service via electronic upload: https://app.kodexglobal.com/yahoo-inc/signup

3

11/24/25

### *Exhibit 1B – Property to be Seized:*

**Google LLC**
FOR THE FOLLOWING RECORDS:
Records from the above listed Service Provider for the Email Address: **Mendonesa8@gmail.com,**
In compliance with California Electronic Communications Privacy Act referenced by California Penal Code § 1546.1(d)(1), each of the types of records specified below associated with the Google LLC account shall be for the period of **10/1/2020 to 10/27/2025**. The provided records shall be reviewed for evidence related to the crime(s) of: 182, 132, 118a, 530.5(a) of the California Penal Code to wit: Conspiracy , Presenting forged evidence in legal trials or proceedings, Swearing false statements in affidavits to mislead legal proceedings, Using another's personal information for unlawful purposes.

**Contacts:** Contacts stored by the Target Account including name, contact phone numbers, e-mails, social network links, and images.
**Google One records:** Records of the Target Accounts use of Google One services to include which Google One products are utilized by the Target, subscription level and payment information, stored files and their connected sources, stored device backups, account identifiers of users that the Target Account's Google One storage is shared with, and records of the Target Accounts use of the Google One Virtual Private Network (VPN) to include dates and times of VPN activation, utilized IP addresses, and recorded activity.
**Google files:** Records of the Target Accounts use of the Google Files app to include the names of files deleted using the Google Files app, if available, and information about files that were synced to Google drive or shared via the app.
**Google Keep:** Google Keep records to include the content of Keep notes, embedded media, and stored files.
**Linked accounts:** Records of all linked external accounts or associated email address, username, or contact information connected to the Target Account including but not limited to recovery email addresses.
**Subscriber information:** Basic registration or customer information to include name, address, phone number, contact information, additional accounts, and dates associated with account creation and/or suspension for the above listed Target Account.
**Gmail records:** Google Gmail records related  to the Target Account to include subscriber registration information; sign-in IP addresses and associated time stamps; email header information; and all Google LLC stored electronic communications including saved, deleted, sent, stored, & draft email; stored notes; stored chats and chat logs; account histories; attached files to include digital images, videos, documents, links, and any other files associated with the Target Account.
**Google Messages:** Records of stored Google Messages both synced from Google devices used by the Target account or via Google Message for Web for the dates indicated.  Such records shall include dates and times of messages, message sender and recipient identifiers, and message content with attachments.
**Google Voice records:** Stored communications such as Call, Text, and Data detail records associated with the identified Target Account for the above listed dates and times.  These records shall also include all text message or chat content, voicemails and transcriptions, any other stored communications, and any shared files both sent or received. These records shall include stored audio recordings of Google Voice calls, if available.
**IP address logs:** Information related to IP addresses used for the creation of the Target Account as well as IP addresses used to access to Google LLC apps and services or where the user took actions like uploading files or sending messages.  Such records should include the dates and times of such events.
**Google Calendar events:** Stored calendar data for the Target Account to include shared calendars and records showing what account the calendar was shared with.
**Google Docs files:** Stored Google Docs records to include Docs, Sheets, Slides, and Forms to include records of collaboration and sharing that show who these file(s) were shared with or accessed by and shall include archived copies of Docs, Sheets, Slides, and Forms.
**Google Drive:** Stored files in Google Drive stored by or accessible to the Target Account to include the files EXIF or metadata and records that indicate if a file was shared or accessed by anyone other than the listed Target Account with their associated account identifiers.
**Google Forms:** Records of the Target Accounts use of Google Forms to include forms and surveys that the

11/24/25

target created, manages, or participated in with the associated form results.

**Google Photos:** Stored photo and video files to include associated metadata & geo-location data and associated album name, photo image tags provided by the Target Account, tagged photos and the identities of persons tagged in the Target Account's photos if associated with a Google account.

**Web and app activity (Including Search):** Stored search and internet history activity on apps and browsers from Search, Maps, Now, and other Google products.  These records shall also include records collected by the Target Account's use of the Google Toolbar if installed and while the Target Account was signed in.

**Google Gemini:** All prompt history, prompt responses, and documents, videos, or files generated using Google Gemini including timestamps, metadata, and logs regarding user activity.


**Yahoo!**

FOR THE FOLLOWING RECORDS:

Records from the above listed Service Provider for the Email Address: **akaswaki@yahoo.com, mcruz_tx_usa@yahoo.com**

Each of the types of records specified below shall be for the period of **10/1/2020 to 10/27/2025**.  for evidence related to the crime(s) of: 182, 132, 118a, 530.5(a) of the California Penal Code to wit: Conspiracy , Presenting forged evidence in legal trials or proceedings, Swearing false statements in affidavits to mislead legal proceedings, Using another's personal information for unlawful purposes.

**Subscriber information:** Subscriber information to include name, address, phone number, contact information, additional accounts, and dates associated with account creation and/or suspension for the above listed Target Account.

**Stored Communication:** Stored electronic communications including saved, deleted, sent, stored, & draft email; account histories; digital images, buddy lists, method of payment, detailed billing information, and any other files associated with User and/or User account(s).

**FILED**
Superior Court of California
County of Alameda

09/09/2025

Clad Flike , Executive Officer / Clerk of the Court

By: _____ Deputy
D. Fisher

1
2
3
4
5
6
7
8

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9

RENÉ C. DAVIDSON COURTHOUSE

10
11

Ariel Mendones, et al.,

No.: 23CV028772

12

Plaintiff, et al.,

**Order re Terminating Sanctions**

13

v.

14

Cushman and Wakefield, Inc., et al.,

15

Defendant, et al.

16
17
18

   The order to show cause why terminating sanctions should not issue against

19

Plaintiffs Ariel and Maridol Mendones for intentionally submitting false testimony to the

20

Court in connection with their motion for summary judgment and Plaintiffs not referred to

21

the Alameda County District Attorney's Office for criminal prosecution came on for

22

hearing on September 9, 2025, at 2:30 p.m. The Court issued a tentative ruling, which

23

Plaintiffs contested. Plaintiffs did not appear at the hearing and were not excused from

24

appearing. Defendants' counsel appeared. As the contesting party was not present, the

25

Court affirms its tentative ruling and issues a terminating sanction against Plaintiffs for

26

intentionally submitting false evidence to the Court in connection with their motion for

27

summary judgment.

28

# I. BACKGROUND

On March 11, 2025, Plaintiffs moved for summary judgment in this action. In support, Plaintiffs provided several documents as exhibits. Upon review, the Court suspected Plaintiffs' exhibits 3, 6A, 6B, 6C, 7, 21, 27, 35, and 40 of having been altered or created by generative artificial intelligence (GenAI). For instance, exhibits 6A, 6C, and 36 purport to capture the speech and image of Geri Haas. But, while exhibit 36 appears to capture a real-life interaction, certain characteristics of exhibits 6A and 6C, such as the lack of facial expressions, the looping video feed, among other things, suggested that these exhibits were products of GenAI—i.e., "deepfakes."

On June 11, 2025, the Court issued a tentative ruling in connection with a case management conference, indicating its intent to issue an order to show cause with a hearing on July 8, 2025. At the hearing on June 12, 2025, the Court's suspicion was reinforced when Maridol Mendones mentioned that some witnesses depicted in the suspect evidentiary submissions were deceased or could not be contacted by her. Maridol Mendones asked for the Court to set the hearing on the order to show cause in August 2025 to accommodate her and permit her time to seek legal counsel.

On July 11, 2025, the Court issued the order to show cause why terminating sanctions should not issue against Plaintiffs for intentionally submitting false testimony to the Court in connection with their motion for summary judgment and Plaintiffs not referred to the Alameda County District Attorney's Office for criminal prosecution. The Court restates the relevant portions of that order:

> The Court issues an order to show cause why terminating sanctions should not issue against Plaintiffs for intentionally submitting false testimony to the Court in connection with their motion for summary judgment and Plaintiffs not referred to the Alameda County District Attorney's Office for criminal prosecution.
>
> The Court notes that some of the purported testimony submitted by Plaintiffs appears to be products of generative artificial intelligence. (*Compare* Pls.' Mot. Summ. J. Ex. 36 (capturing speech and image of Geri Haas), *with* Exs. 6A & 6C (purporting to capture speech and image Geri Haas); *see also* Exs. 3, 6B, 6C, 7, 21, 27, 35, 40.) The Court is also suspicious of the authenticity of other evidentiary submissions.

The Court is attentive to the issue of improper use of generative AI before it. (*See, e.g., Evans v. Execushield, Inc.* (Cal. Super. Ct. Mar. 10, 2025) 2025 WL 893084 (discussing the presentation of fake citations to the court by attorneys).) The Court is also attentive to the use of generative AI to create videos. (*See, e.g.*, Jess Weatherbed, Judge berates AI entrepreneur for using a generated 'lawyer' in court, The Verge, Apr. 10, 2025, https://www.theverge.com/news/646372/ai-lawyer-artificial-avatar-new-york-court-case-video.)

The Court further notes that California law provides that a person who "willfully and contrary to the oath, states as true any material matter which he or she knows to be false . . . is guilty of perjury." (Cal. Pen. Code § 118(a).)

The Court directs Plaintiffs to submit a declaration, under penalty of perjury, answering the following questions, concisely and directly:

1. Were any of Plaintiffs' evidentiary submissions created using generative artificial intelligence?

2. Were any of Plaintiffs' evidentiary photographic submissions edited in any way? (See, e.g., Ex. 7.)

3. What is the messaging platform capturing the purported messages depicted in exhibits 35 and 40?

Plaintiffs must provide all the metadata of the purported audio and video testimonials for "Salinas" (Ex. 3), Barbara Clark (Ex. 6D), Juliann Smith (Ex. 27), Geri Haas (Exs. 6A & 6C), Sarah Davis (Ex. 6B), and an unidentified person (Ex. 21). Please include the file format, date created, date modified, file type, identity of device capturing video, lens used, shutter speed, file type, and the like. Please also identify the operator of the camera that captured the purported video testimonials noted above.

Plaintiffs must also provide the metadata and certificates for the electronic signatures of the declarations of Barbara Clark, Juliann Smith, Debra Daniels, Caroline Scott, Geri Haas, and Sarah Davis.

The Court may also order the in-person appearance of "Salinas," Barbara Clark, Juliann Smith, Geri Has, Sarah Davis, the unidentified person in exhibit 21, Cristy Moore, Jane Johnson, Rose Torres, Allen Whistley, and any other person identified in the suspect evidentiary submissions.

The Court sets a hearing for August 12, 2025, at 2:30 p.m. on the order to show cause.

All parties must appear in-person at this hearing.

The Court orders both Ariel Mendones and Maridol Mendones to separately submit a declaration stating under penalty of perjury addressing the three questions, noted above. The requested metadata and certificates for each of the purported audio and video testimonials, and the filed declarations, must be attached as exhibits to the declaration.

The declarations must be limited to 5 pages, excluding the caption page and the requested metadata and certificates.

The declarations must be filed and served no later than July 29, 2025.

The Court will deem any failure to file a declaration addressing each of these issues as conceding that their evidentiary submissions were created using generative AI or were altered to depict something that did not actually happen.

(OSC re Terminating Sanctions, July 11, 2025.)

On July 29, 2025, Plaintiffs filed their declarations. (*See* Pls.' Decls., July 29, 2025.)

## II. LEGAL STANDARD

"By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

> (1) "The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

> (2) "The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (3) "The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

(Cal. Civ. Proc. Code § 128.7(b).)

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." (§ 128.7(c).) "In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence." (*Id.*) "A sanction imposed for violation of

subdivision (b) shall be limited to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated." (§ 128.7(d).)

## III. DISCUSSION

The Court finds that Plaintiffs violated section 128.7(b) of the Code of Civil Procedure by submitting fabricated evidence in support of their motion for summary judgment.

**A. Fabricated Evidentiary Submissions**

The Court examined exhibits 3, 6A, 6B, 6C, 7, 21, 27, 35, and 40, reviewed Plaintiffs' declarations, and reviewed the attached metadata.

As the trier of fact on the order to show cause, the Court weighed the evidence and made credibility findings.

**1. Exhibits 6A and 6C**

The Court finds that exhibits 6A and 6C are products of GenAI and do not capture the actual speech and image of Geri Haas. In other words, these exhibits are deepfakes. Here is a screenshot of exhibit 6A:



The full video is available at

https://drive.google.com/file/d/1xI3xCC6Xdq94PZvz7QCl6M_XDsg8q55k/view. The Court

has downloaded a copy of exhibit 6A to preserve the evidence.

Here is a screenshot of exhibit 6C:



The full video is available at https://drive.google.com/file/d/1h1ae0izs07kGdF3HKALRvla-

cgB1E1gF/view. The Court has downloaded a copy of exhibit 6C to preserve the evidence.

Here is a screenshot of exhibit 36:



The full video is available at

https://drive.google.com/file/d/1jSMc69QkWemY0OXkl6hV2PRCnLtQtFp6/view. The

Court has downloaded a copy of exhibit 36 to preserve the evidence.

While the "person" depicted in exhibits 6A and 6C bears a passing resemblance to

the person depicted in exhibit 36, they are not the same person. The accent, cadence,

volume, word choice, pauses, gestures, and facial expression, among other characteristics, of the person depicted in exhibit 36 are vastly different from those demonstrated by the "persons" depicted in exhibits 6A and 6C. The "persons" depicted in exhibits 6A and 6C lack expressiveness, are monotone, do not pause at moments where pauses are expected, use odd words choices, and appear generally robotic. Further, the mouth flap does not match the words being spoken. Juxtaposing these three videos together, it becomes clear that whoever the "persons" depicted in exhibits 6A and 6C are, they are not the person depicted in exhibit 36.

The oddities of exhibits 6A and 6C are typical features of videos created by GenAI.

### 2. Exhibit 7

The Court finds that exhibit 7 was materially altered. Here is a screenshot of exhibit 7, page 2:



1  Here is a screenshot of exhibit 7, page 3:



     

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1    Here is a screenshot of exhibit 7, page 5:



2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

    

17    The lighting, contrast, color, and sharpness of the man depicted in these pictures

18  compared with the lighting, contrast, color, and sharpness of the background shows that

19  the man was stitched into the photograph taken by the Ring camera. A close inspection

20  shows that the background is in black and white, while the man is in color.

21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

Compare these photographs with the photographs on pages 7 and 8, which are from the same Ring camera, according to Plaintiffs:

 

Juxtaposing the photographs on pages 7 and 8 against the photographs on pages 2, 3, and 5 makes it clear that the photographs on pages 2, 3, and 5 were materially altered.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### 3. Exhibits 35 and 40

The Court finds that exhibits 35 and 40 are products of GenAI—or, at least, were materially altered. Here is a screenshot of exhibit 35:



/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Here are screenshots of exhibit 40:



Order re Terminating Sanctions

In their declaration, Plaintiffs stated that the messaging platform in exhibit 35 is Instagram and exhibit 40 is a Zoom iPhone group chat. These statements strain credulity: Looking at the menu bar on the lower part of the images, it is clear to this Court that exhibits 35 and 40 seem to depict the same messaging platform. Further, the font style, spacing, and sizing appear off on exhibit 40, suggesting the names and messages were altered.

### 4. Metadata

The Court did not find the metadata submitted by Plaintiffs reliable or credible. For instance, the information contained above the "General" field of the MacOS Inspector on pages 11, 16, 17, 18, 19, 24, 27, 28, 29, 30, 31, 32, 33, 48, 49, 51, 52, 59, 60, and 61, contains information not typically noted in metadata, such as "Copyright [entity]. All rights reserved." Other portions of the metadata included URLs to Google Maps, phone numbers, GPS coordinates, mailing addresses, and other atypical information within the "musical genre" field. (*See id.* at pp. 12–15, 37, 42–47.) The Court suspects that material metadata was added at some later point in time by someone with access to the files and with editing privileges.

### 5. Plaintiffs' Explanations

The Court did not find Plaintiffs' explanations in their respective declarations to be credible. Notably, in response to the first question, Maridol Mendones declared that artificial intelligence was used in all videos marked as exhibits 6A to 6D. (Pls.' Decls. at 3:23–26.) Maridol Mendones sought to shift the blame to Geri Haas for providing her with this video testimonial. (*See id.* at 3:13–4:3.) Her explanation, however, is not credible: Assuming the veracity of the metadata, exhibit 6A was captured on an Apple iPhone 6 Plus using its rear camera and running iOS 12.5.5. (*See id.* at p. 16.) Here's the problem for Maridol Mendones: Apple did not introduce Apple Intelligence until iOS18 and required an iPhone 16, iPhone 15 Pro, or iPhone 15 Pro Max. (*See* Apple Inc., *Apple*

*Intelligence*, https://www.apple.com/apple-intelligence/ (last visited September. 5, 2025.) ("Apple Intelligence is available in beta on all iPhone 16 models, iPhone 15 Pro, iPhone 15 Pro Max, iPad mini (A17 Pro), and iPad and Mac models with M1 and later, with Siri and device language set to the same supported language, as part of an iOS 18, iPadOS 18, and macOS Sequoia software update.").) As such, Maridol Mendones explanation about why the person depicted in exhibit 6A is robotic is unbelievable.

**6. Lingering Suspicions**

The Court remains suspicious of the other evidentiary submissions, but it does not have the time, funding, or technical expertise to determine the authenticity of Plaintiffs' statements or conduct a forensic analysis of the suspect evidentiary submissions.

| Exhibit | Plaintiffs' Description | Plaintiffs' Link |
|---|---|---|
| 3 | "Voicemail messages of Defendant-Salinas dated December 27 to 29, 2022. Third parties mocking voicemail messages." | https://drive.google.com/file/d/1fqjOfTxKbJmG_7LodDKkFWB-KpxgTWGz/view?usp=sharing |
| 6B | "Corroborated video testimony of Sarah Davis secondary to Geri Haas' declaration dated January 13, 2023." | https://drive.google.com/file/d/1mnASOgTl7sIrg-OLVKMI95Elyz_ySqOa/view?usp=sharing |
| 21 | "Voicemail message of Defendant-Salinas dated December 29, 2022, stating that they will waive their false | https://drive.google.com/file/d/1Vmm9HxQwJ521rDWBPWTXy0Og_N7yMgne/view?usp=sharing |

| | | |
|---|---|---|
| | allegations if the video footage will be sent to them via email." | |
| 27 | "Dr. Juliann Smith's testimonies with two corroborating witnesses dated July 30, 2024 at 2:35 p.m." | https://drive.google.com/file/d/12xnrtMiTyP_B5abHeZM2ycYwg9MaDAcd/view?usp=sharing |

The Court has downloaded copies of these exhibits to preserve the evidence.

## B. Appropriate Sanction

The Court next turns to the appropriate sanction. In determining the appropriate sanction, the Court is guided by section 128.7(d)'s guidance that "[a] sanction imposed for violation of subdivision (b) shall be limited to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated." (§ 128.7(d).)

### 1. Monetary Sanctions

The Court finds that monetary sanctions are not appropriate.

The Court is attentive to the issue of improper use of GenAI before it. (*See, e.g., Evans v. Execushield, Inc.* (Cal. Super. Ct. Mar. 10, 2025) 2025 WL 893084 (discussing the presentation of fake citations to the court by attorneys).) The misuse of GenAI in legal proceedings most frequently happens in the context of presenting fictitious citations. (*See U.S. v. Hayes* (E.D. Cal. 2025) 763 F. Supp. 3d 1054.) In that context, appropriate sanctions include (1) penalties payable to the court in the range of $1,000.00 to $5,000.00, (2) sending a copy of the order to the client, (3) sending a copy of the order to each judge falsely identified as the author of a fake opinion, (4) sending a copy of the order to all the district judges and magistrate judges in the district, and (5) sending a copy of the order to the relevant bar association. (*Id.* at 1073; *see also Mata v. Avianca, Inc.* (S.D.N.Y. 2023) 678 F. Supp. 3d 443, 466 (imposing similar sanctions); *Gjovik v. Apple Inc.* (N.D. Cal., May

19, 2025, No. 23-CV-04597-EMC) 2025 WL 1447380, at *7 ("At this juncture, the Court shall not impose any sanctions. However, it forewarns Ms. Gjovik that (1) she is responsible for verifying the accuracy of AI-generated or AI-provided information, including but not limited to case citations and content, **and** that (2) failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se.").)

The reasons for imposing these sanctions were captured by the *Hayes* court: "Submitting fictitious cases and quotations to the court 'degrades or impugns the integrity of the Court' and 'interferes with the administration of justice' in violation of Local Rule 180(e), and violates California Rules of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2)." (*See also Hayes*, 763 F. Supp. 3d at 1064.)

Here, the use of GenAI went beyond the submission of fictitious citations. Plaintiffs submitted at least two exhibits created by GenAI. Further, to an even greater extent than expressed by the *Hayes* court, the use of deepfakes in a case significantly undermines the Court's ability to administer justice, significantly erodes the public's confidence in the judicial system, and significantly burdens under-resourced and overworked courts with the time-consuming task of assessing whether evidence presented to it during pretrial proceedings was a deepfake. As such, a more severe sanction is appropriate.

### 2. Non-monetary Sanctions
#### i. Referral to District Attorney for Prosecution

The Court finds that referral for criminal prosecution is not appropriate.

Plaintiffs' submission of fabricated evidence brings to the Court's mind two Penal Code statutes. The first statute concerns perjury:

> Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by

law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.

(Cal. Pen. Code § 118(a).) "Perjury is punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three or four years." (§ 126.)

The second statute concerns forgery:

Every person who, with the intent to defraud, knowing that he or she has no authority to do so, signs the name of another person or of a fictitious person to any of the items listed in subdivision (d) is guilty of forgery.

(§ 470(a).) "Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170." (§ 473(a).)

The Court finds that a sanction referring Plaintiffs for criminal prosecution is simultaneously too severe and not sufficiently remedial. The sanction is too severe as even being the subject of a criminal investigation may lead to social repercussions that persist after the criminal proceedings close. This civil judicial officer does not have the expertise and experience to balance all relevant considerations to determine whether a matter should be referred to the District Attorney for a criminal investigation. At the same time, a referral would do little to address the harm that Plaintiffs have caused in this civil proceeding.

### ii. Evidence or Issue Sanctions

The Court finds that evidence or issue sanctions are not appropriate. This sanction would not serve an adequate deterrent against future uses. As illustrated above, examining whether evidentiary submissions were created using GenAI is labor intensive, and courts (really, the public at large) are not adequately prepared to discern whether a person depicted in a video was created using GenAI. (*See, e.g.*, Shannon Bond, *AI-generated images are everywhere. Here's how to spot them*, NPR (June 13, 2023), https://www.npr.org/2023/06/07/1180768459/how-to-identify-ai-generated-deepfake-images.) While an evidentiary or issue sanction would exclude some things that can be

shown to be created by GenAI, others might sneak through the Court's or opposing party's analysis. Without robust safeguards to guard against future misuses of the legal proceedings, an evidentiary or issue sanction is effectively toothless.

### iii. Terminating Sanction

The Court finds that a terminating sanction is appropriate. This sanction is proportional to the harm that Plaintiffs' misuse of the Court's processes has caused. A terminating sanction serves the appropriate remedial effect of denying Plaintiffs— and other litigants seeking to make use of GenAI to submit video testimonials—of the ability to further prosecute this action after violating the Court's and the Defendants' trust so egregiously. (*See R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal. App. 4th 486, 497 (The Civil Discovery Act "authorizes terminating sanctions in the first instance in egregious cases.").)

Further, a terminating sanction serves the appropriate deterrent effect of showing the public that the Court has zero tolerance with attempting to pass deepfakes as evidence.

This sanction serves the appropriately chilling message to litigants appearing before this Court: Use GenAI in court with great caution.

As the Court cannot disentangle the extent to which Ariel Mendones was active or complicit in Maridol Mendones's actions in connection with the violation of section 128.7(b) of the Code of Civil Procedure, the Court finds that both parties must be sanctions equally.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV. ORDERS

The Court strikes the second amended complaint from the register of actions.

The entire action is dismissed with prejudice.

Dated: ~~9/9/2025~~

Victoria Kolakowski
Judge of the Superior Court
**Victoria Kolakowski / Judge**

1
2
3
4

ARIEL MENDONES
MARIDOL MENDONES
2416 W Tennyson Rd Apt 298
Hayward, CA 94545
Tel.: (510)502-2398
Email: mcruz_tx_usa@yahoo.com

*Petitioners, In Pro Se*

**RECEIVED**
ALAMEDA COUNTY

JAN 2 0 2026

CLERK OF THE SUPERIOR COURT
By _____
Deputy

5

6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **COUNTY OF ALAMEDA**

9                       **CRIMINAL DIVISION**

10

11

12

13

14

15

16

17

18

In Re: SERVED TO YAHOO AND
GOOGLE A SEARCH WARRANT TO
SEARCH AND SEIZE PROPERTIES
FOR ALL RECORDS ASSOCIATED
WITH THE FOLLOWING
ACCOUNTS:
MCRUZ_TX_USA@YAHOO.COM
AKASWAKI@YAHOO.COM
MENDONESA8@GMAIL.COM

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER: _____
WARRANT NO.: 2025_9275

**NOTICE OF PETITION AND MOTION
TO QUASH AND TO SUPPRESS
EVIDENCE IN REGARD TO ISSUED
SEARCH WARRANT; MEMORANDUM
OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF
(Pen. Code, $ 1546.a(c); Pen. Code § 1538.5)**

**Date:** To be set by the Court
**Time:** To be set by the Court
**Dept:** To be set by the Court

19

20

// / / / / / / /

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

## NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS
## EVIDENCE IN REGARD TO ISSUED SEARCH WARRANT

2

3
TO THE ALAMEDA DISTRICT ATTORNEY'S OFFICE - CALIFORNIA DEPARTMENT
OF JUSTICE AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

4
PLEASE TAKE NOTICE that, on the above listed date or as soon thereafter as the

5
matter may be heard, Petitioners ARIEL MENDONES and MARIDOL MENDONES will, and

6
hereby does, petition this Court for an order voiding and suppressing evidence[s] on the search

7
warrant for their yahoo and google accounts that was issued on November 24, 2025 and

8
executed by Special Agent of the California Department of Justice named Hiram Duncan.

9
Petitioners specifically request that the Court quash the warrant and suppress the evidence[s],

10
which they believe to have been issued under warrant number 2025_9275 and order the

11
destruction of all seized information. Petitioners further petition the Court to order the return of

12
their seized properties account information.

13
Petitioners seek the relief requested pursuant to the California Electronic

14
Communications Privacy Act (CalECPA), Penal Code, $ 1546.a(c) and Penal Code § 1538.5

15
authorizes Petitioners "whose information is targeted by a warrant . . . that is inconsistent with

16
[CalECPA], or the California Constitution or the United States Constitution"- to "petition the

17
issuing court to void the warrant, order, or process, or to order the destruction of any

18
information obtained in violation of [CalECPA], or the California Constitution, or the United

19
States Constitution." In exercising their statutory rights under Section 1546.4, Petitioners aver

20
that the search warrant for their yahoo and google accounts is overbroad in violation of

21
CalECPA, the Fifth and Fourth Amendments, and the California Constitution. Petitioners'

22
request for the return of these accounts is made pursuant to non-statutory rights recognized in

23
(*Gershenhorn v. Superior Court, Los Angeles County* (1964) 227 Cal.App.2d36l); (See also

24
*Ersoniq Corp. v. Superior Court* (1998) 65 Cal.App.4th 1537.)

25
This Petition is based on this Notice of Petition and Motion to Quash and Suppress

26
Evidence; the Memorandum of Points and Authorities herein; and the supporting Exhibits and

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  Declarations of Ariel Mendones and Maridol Mendones filed concurrently herewith; as well as

2  any further argument or authorities that may be requested or permitted by the Court.

3

4  Dated:    January 16, 2026                        Respectfully submitted,

5                                                    _____

6                                                    ARIEL MENDONES
                                                     *Petitioner, In Pro Se*
7                                                    2416 W Tennyson Rd #298
                                                     Hayward, CA 94545

8                                                    _____

9                                                    MARIDOL MENDONES
                                                     *Petitioner, In Pro Se*
10                                                   2416 W Tennyson Rd #298
                                                     Hayward, CA 94545
11                                                   Tel.: (510)502-2398

12  //////////

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

**TABLE OF CONTENTS**

Page[s]

2   MEMORANDUM OF POINTS AND AUTHORITIES ...................................................8

3   I.      INTRODUCTION ..............................................................................................8

4   II.     STATEMENT OF FACTS ..................................................................................8

5           A.      Petitioners' Background ..........................................................................8

6           B.      Petitioners' Role in Pending Litigation .................................................9

7           C.      Overbroad Scope of Search Authorized by Warrant ...........................11

8   III.    ARGUMENT ...................................................................................................13

9           A.      Applicable Law ......................................................................................13

10          B.      Proper Respondent ................................................................................15

11          C.      Affiant's Statement of Probable Cause in the Issued Search Warrant ........15

12          D.      CaIECPA Provides Robust and Mandatory Protections Were, As Here,
                    Digital Privacy Is At Stake ...................................................................17

13
                    1.      Heightened Particularity Requirement ......................................17
14                  2.      Explicit Remedies for any Violation .........................................19

15          E.      The Warrant is Overbroad in Violation of CaIECPA, the Fourth
                    Amendment, the First Amendment, and the California Constitution ........20
16
                    1.      The Warrant Fails to Satisfy CaIECPA's and the Fourth
17                          Amendment's Particularity Requirements .................................20

18                  2.      The Search Warrant is Overbroad in Violation of Petitioners'
                            First and Fourth Amendment Rights .........................................23
19
            F.      The Court Should Order the Return of Petitioners' Seized Properties in
20                  Yahoo and Google ................................................................................23

21  IV.     CONCLUSION ................................................................................................24

22  DECLARATION ......................................................................................................25

23  PROOF OF SERVICE ..............................................................................................26

24  / / / / / / / /

25

26

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page[s]

## **Statutes**

(§ 1546, subd. (a) ............................................................................................14

§ 1546, subd. (g) ............................................................................................17

§ 1546.1, ........................................................................................................20

§ 1546.1, subd. (a)(1)(3) ................................................................................17

§ 1546.1, subd. (d)(1) .....................................................................................17

§ 1546.1, subd. (d)(l).) ...................................................................................14

Cal. Penal Code sections 1546 and 1524 ......................................................19

California Penal Code § 1538.5 ......................................................................19

CCP §§ 473(b), 663 and 657 ..........................................................................10

Pen. Code, § 1546, subd. (d) .........................................................................17

Pen. Code, § 1546.4, subd.(c) ........................................................................19

Pen. Code, §§ 1546.1(d)(2), (e)(2), l546.4(c), 1538.5 ..................................24

Penal Code § 1538.5 ........................................................................................6

Penal Code, $ 1546.a(c) ...................................................................................6

Section 1546.2, subdivision (a)(l ) ................................................................14

Section 1546.4, subdivision ( c ) ....................................................................20

Section 1546.4, subdivision (a) ......................................................................20

section 1546.4, subdivision (c) .......................................................................20

section I525 ......................................................................................................12

## **Other Authorities**

California Electronic Communications Privacy Act ("CalECPA") .................6

Canon 3 of the Judicial Code of Conduct .........................................................8

Nicole Ozer, *California is Winning the Digital Privacy Fight* (Nov. 7, 2015) ......................17

## **State Cases**

*People v. Aldridge* (1984) 35 Cal. 3d 473 [198 Cal. Rptr. 538, 674 P.2d 240 ...........................9

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

2

# TABLE OF AUTHORITIES
### (Cont'd)

3

Page[s]

4

## State Cases

5   *People v. Aldridge* (1984) 35 Cal. 3d 473 [198 Cal. Rptr. 538, 674 P.2d 240])        9

6   *People v. Funches (1998)* 67 Cal.App.4th 240, 78 Cal.Rptr.2d 882 .......................10

7   *Aday v. Superior Court* (l961) 55 Cal.2d 789, 796........................................18

8   *DiMaggio v. Superior Court* (2024) 104 Cal. App. 5th 875, 887........................21

9   *Ensoniq*, 65 Cal.App.4th at p. 1537 ...................................................24

10  *Franklin v. Municipal Court* (1972) 26 Cal. App. 3d 884, 896........................24

11  *Gersherhorn v. Superior Court, Los Angeles County* (1964) 227 Cal. App. 2d 361 ...............24

12  *Lance W.* (1985) 37 Cal.3d 873,879 ..................................................20

13  *People v. Appleton* (2016) 245 Cal.App.4th 7l7, 725 ...............................18

14  *People v. Frank* ( 1985) 38 Cal. 3d 711, 729........................................14

15  *People v. Gonzalez*, 135 P.3d 649, 44 Cal.Rptr.3d 237, 38 Cal.4th 932 (Cal. 2006) .................9

16  *People v. Lamonte* (1997) 53 Cal.App.4th 544, 549 ...............................24

17  *People v. Meza* (2023) 90 Cal. App. 5th 520........................................22

18  *People v. Meza* (2023), 90 Cal. App. 5th 520........................................19

19  *People v. Pressey* (2002) 102 Cal.App.4th 1178, 1185 ...............................15

20  *Price v. Superior Court* (2023) 93 Cal. App. 5th 13, 58, 310 Cal.Rptr.3d 520 ......................19

21  *Saunders v. Superior Court* (2017) l2 Cal.App.5th Supp. 1, 2213 ...........................19

22  *Swigart v. Bruno* (2017), 13 Cal. App. 5th 529, 220 Cal. Rptr. 3d 556 ....................9

23

## Federal Cases

24  *Brinegar v. United States* (1949) 338 U.S. 160, 176................................12

25  *Carpenter v. United States* (2018) 585 U.S. 296........................................17

26  *Coolidge v. New Hampshire* (1971) 403 U.S. 443, 467 ...............................21

27  *Elkins v. United States* (1960) 354 U.S. 206, 217 ...............................20

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES
## (Cont'd)

**Page[s]**

### Federal Cases

*Florida v. Royer* (1983) 460 U.S. 491, 498 [75 L. Ed. 2d 229, 236-237, 103 S. Ct. 1319].........9

*Illinois v. Gates* (1983) 462 U.S. 213, 233, 238.)...................................................................13

*People v. Brueckner* (1990) 223 Cal.App.3d 1500, 1504 ........................................................13

*Riley v. California* (2014) 573 U.S. 373,396,403...................................................................13

*Terry v. Ohio*, supra, 392 U.S. 1 .............................................................................................8

*Texas v. Brown* (1983) 460...................................................................................................12

*U.S. v. Cardvell* (9th Cir. 1982) 680 F. 2d 75, 78 ................................................................22

*U.S. v. Ventresca* (1965) 380 U.S. 102, 108...........................................................................13

*U.S. v. Ventresca*, supra. 380 U.S. at p. 108.........................................................................15

*United States v. Cardwel*, (9th Cir. 1982) 680 F.2d 75,77-78..............................................23

*United States v. Clark* (9th Cir. 1994) 3l F.3d 831, 836.......................................................23

*United States v. Kow* (9th Cir. 1995) 58 F. 3d 423,427 .......................................................22

*United States v. McCall* (11th Cir. 2023) 84 F.4th 1317,1328.............................................22

*United States v. Schesso* (9th Cir. 2013) 730 F.3d 1040 .......................................................22

### Constitutions

Cal. Const., art. 1, § 13 .........................................................................................................12

Cal. Const., art. I, § 28, subd.(f)(l)........................................................................................20

California Constitution...........................................................................................................6

First and Fourth Amendments ................................................................................................6

Title 2l U.S.C. § 841(a)(1).....................................................................................................23

/ / / / / / / / /

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

2                    **MEMORANDUM OF POINTS AND AUTHORITIES**

3    **I.    INTRODUCTION**

4            Petitioners respectfully petition the Court for an order quashing the search warrant of

5    their yahoo and google accounts that was issued on November 24, 2025 and to be executed

6    promptly upon receipt. [Exh_A] Petitioners bring this petition pursuant to the California

7    Electronic Communications Privacy Act ("CaIECPA"), Penal Code, $ 1546.a(c) and Penal

8    Code § 1538.5. Information in yahoo and google accounts is targeted by a search warrant that

9    is inconsistent with [CaIECPA], or the California Constitution or the United States

10   Constitution-to "petition the issuing court to void the warrant, order, or process, or to order the

11   destruction of any information obtained in violation of [CaIECPA], or the California

12   Constitution, or the United States Constitution, and such materials must be suppressed. The

13   warrant here is largely unbounded as to time and scope, and lacks the particularity required by

14   law. The search that it authorizes sweeps in an enormous range of Petitioners' private and

15   sensitive communications, location, photographic, and internet search history. Because the

16   warrant violates CaIECPA, the First and Fourth Amendments, and the California Constitution,

17   it should be quashed, voided and suppressed.

18   **II.    STATEMENT OF FACTS**

19           **A.    Petitioners' Background.**

20           On January 13, 2026,  the Yahoo Legal notified both Petitioners of the served search

21   warrant in reference to yahoo accounts. The name of the judge at the Alameda Superior Court

22   has not specified in the warrant. The contact information of the special agent named Hiram

23   Duncan was not indicated as well. There was no case number and only the warrant number

24   appears in the purported warrant. Due to this, Petitioners have not able to verify it. The

25   Petitioners herein that are subject for warrant nearly would become seniors soon. They are

26   ordinary individuals that considered not well literate in digital matters. They are at times having

27   financial hardships due to frequent hospitalizations from ongoing medical conditions. They do

28   not engage in criminal activity and without any criminal record. They are law abiding citizens.

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    In matters on bank transactions, it is through email and phone messages the means of

2    communication being utilized. Petitioners' sensitive, private and confidential personal

3    information[s], such as passwords, social security, W2, etc., are stored in their google drive,

4    including their parents' confidential sensitive personal information for reason that they are the

5    ones attending for their needs. If the Petitioners' yahoo and google accounts be accessed by

6    others, it is not only theirs being compromised, but their loved ones as well.

7        **B.**    **Petitioners' Role in Pending Litigation**

8          This is a landlord-tenant disputes between Ariel Mendones, et al as the tenants and

9    Plaintiffs and Cushman and Wakefield Inc., et al as the landlord and Defendants. (Case No.:

10    23CV028772) When one of the neighbor-tenants became violent to Plaintiffs, the landlord

11    ignored the complaints and or failed to resolve it, resulted to Plaintiffs' injury. One of the

12    neighbors named Geri Haas and her associates, Barbara Clark and Sandra Davis witnessed the

13    cruelty and harassment the Plaintiffs endured from the violent tenant, including the landlord's

14    negligence to remedy the situation. Since Haas has serious medical condition, she prepared a

15    video testimony with the presence of Clark and Davis, for anticipation in case she could not

16    make it on trial. Plaintiffs are unaware of this at that time because they were pre-occupied on

17    taking care of their mother with multiple illness. Haas, Clark and Davis are elders, who do not

18    know how to upload and or download videos, that's why they entrusted it to Barbara's

19    granddaughter. [Exh_65] There the issue arose when the video distorted by Barbara's

20    granddaughter in vengeance with false belief she got from social media that the couple

21    (Plaintiffs) spread the covid virus because her fiancée died with covid.

22          When the assigned judge, Hon. Victoria Kolakowski seen this video, she suspected all

23    of the evidence[s] presented by Plaintiffs are products of artificial intelligence and concluded

24    that the Plaintiffs' submitted "declarations" were falsified testimonies. She issued prior order

25    to show cause and terminating sanction by submitting metadata on those questionable

26    evidence[s]. On July 29, 2025, Plaintiffs timely submitted the ordered metadata. [Exh_9] It was

27    not included in the order the expert witness' analysis interpretation of the submitted metadata.

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  Judge Kolakowski interpreted the metadata herself. [Exh_7] Plaintiffs opposed this by saying,

2  "a judge cannot be both a judge and expert witness in a proceeding, and in fact, she is not

3  qualified with no credential as digital forensic metadata specialist." – Canon 3 of the Judicial

4  Code of Conduct. Judge Kolakowski admitted this by saying,

5  
6  > "The Court remains <u>suspicious</u> of the other evidentiary submissions, but it does
   > not have the <u>time</u>, <u>funding, or technical expertise</u> to determine the authenticity of
   > Plaintiffs' statements or <u>conduct a forensic analysis</u> of the suspect evidentiary
7  > submissions." ([Exh_7], # 6, p14).

8  Judge Kolakowski's voluminous decisions were based solely on "suspicion", in which

9  she admitted. ([Exh_7], # 6, p14) Petitioners contended that, "Suspicion is not part of California

10  evidence code, as suspicion alone is not a standard for admitting evidence in a court of law. The

11  statement "suspicion is exclusion of evidence and has no legal foundation". Even though in

12  criminal case, there's the so-called "reasonable suspicion", the United States Supreme Court

13  nevertheless concluded that it was not "unreasonable" if the police officer could "point to

14  specific and articulable facts which, taken together with rational inferences from those facts,

15  meaning all cases must be justified by probable cause. – (*Terry v. Ohio*, supra, 392 U.S. 1);

16  (*Florida v. Royer* (1983) 460 U.S. 491, 498 [75 L. Ed. 2d 229, 236-237, 103 S. Ct. 1319].) The

17  suspicion not just no legal foundation, but also no specific articulable facts, and not justified by

18  probable cause. There are no validated facts to confirm the evidence. (*People v. Aldridge* (1984)

19  35 Cal. 3d 473 [198 Cal. Rptr. 538, 674 P.2d 240])

20  Petitioners sought writ petition in Cal. First District Court of Appeal for disqualification

21  of Judge Kolakowski. It was summarily denied on December 02, 2025. [Exh_C] On December

22  08, 2025, Petition for Review at the California Supreme Court ensued pending decision on this

23  matter with Case Number S294257. [Exh_D]

24  Petitioners argued that "California case law emphasizes that while video is powerful,

25  in-person testimony is crucial for establishing foundation, reliability, and resolving conflicts.

26  To name a few are the following:

27  In *People v. Gonzalez*, 135 P.3d 649, 44 Cal.Rptr.3d 237, 38 Cal.4th 932 (Cal. 2006),

28  

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  this foundational case established that to admit video evidence, someone with personal

2  knowledge must testify it accurately represents the event, even if the photographer isn't present.

3      In *Swigart v. Bruno* (2017), 13 Cal. App. 5th 529, 220 Cal. Rptr. 3d 556: In summary

4  judgment, video evidence can trump contradictory testimony, creating a genuine dispute, but

5  testimony is vital to authenticate and interpret the video.

6      On January 05, 2026, Petitioners filed a notice of appeal for the denial of post-order

7  reliefs under CCP §§ 473(b), 663 and 657. [Exh_E]

8      Petitioners argued that trial judge precluded Plaintiffs/Petitioners to present their

9  in-person witnesses' testimonies including a qualified metadata expert[s], corroborating

10  witnesses, psychiatrists, the Ringdoor mngt. Corp., Tactical Security Comp., etc., when their

11  post-order relief under CCP § 657 was denied, which was a complete violation of their

12  Fifth, Sixth and Fourteenth Amendments Constitutional Rights. *(People v. Funches*

13  *(1998) 67 Cal.App.4th 240, 78 Cal.Rptr.2d 882.))*

14      **C.      Overbroad Scope of Search Authorized by Warrant**

15      The Search Warrant, issued on November 24, 2025, authorized the special agent named

16  Hiram Duncan to search "[a]ll electronic communications, internet service provider, business

17  records, and properties to be seized." Properties to be seized are the following: [Exh_A]

18  **Google LLC**
   FOR THE FOLLOWING RECORDS:
19  Records from the above listed Service Provider for the Email Address:
   **Mendonesa8@gmail.com**
20  In compliance with California Electronic Communications Privacy Act
   referenced by California Penal Code § 1546.1(d)(1), each of the types of
21  records specified below associated with the Google LLC account shall be for
   the period of **10/1/2020 to 10/27/2025**. The provided records shall be reviewed
22  for evidence related to the crime(s) of: 182,132,118a, 530.5(a) of the California
   Penal Code to wit: Conspiracy, Presenting forged evidence in legal trials or
23  proceedings, Swearing false statements in affidavits to mislead legal
   proceedings, Using another's personal information for unlawful purposes.

24

25  **Contacts:** Contacts stored by the Target Account including name, contact
   phone numbers, e-mails, social network links, and images.
26  **Google One records:** Records of the Target Accounts use of Google One
   services to include which Google One products are utilized by the Target,
27  subscription level and payment information, stored files and their connected
   sources, stored device backups, account identifiers of users that the Target

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Account's Google One storage is shared with, and records of the Target Accounts use of the Google One Virtual Private Network (VPN) to include dates and times of VPN activation, utilized IP addresses, and recorded activity.

**Google files:** Records of the Target Accounts use of the Google Files app to include the names of files deleted using the Google Files app, if available, and information about files that were synced to Google drive or shared via the app.

**Google Keep:** Google Keep records to include the content of Keep notes, embedded media, and stored files.

**Linked accounts:** Records of all linked external accounts or associated email address, username, or contact information connected to the Target Account including but not limited to recovery email addresses. Subscriber information: Basic registration or customer information to include name, address, phone number, contact information, additional accounts, and dates associated with account creation and/or suspension for the above listed Target Account.

**Gmail records:** Google Gmail records related to the Target Account to include subscriber registration information; sign-in IP addresses and associated time stamps; email header information; and all Google LLC stored electronic communications including saved, deleted, sent, stored, & draft email; stored notes; stored chats and chat logs; account histories; attached files to include digital images, videos, documents, links, and any other files associated with the Target Account.

**Google Messages:** Records of stored Google Messages both synced from Google devices used by the Target account or via Google Message for Web for the dates indicated. Such records shall include dates and times of messages, message sender and recipient identifiers, and message content with attachments.

**Google Voice records:** Stored communications such as Call, Text, and Data detail records associated with the identified Target Account for the above listed dates and times. These records shall also include all text message or chat content, voicemails and transcriptions, any other stored communications, and any shared files both sent or received. These records shall include stored audio recordings of Google Voice calls, if available. IP address logs: Information related to IP addresses used for the creation of the Target Account as well as IP addresses used to access to Google LLC apps and services or where the user took actions like uploading files or sending messages. Such records should include the dates and times of such events.

**Google Calendar events:** Stored calendar data for the Target Account to include shared calendars and records showing what account the calendar was shared with.

**Google Docs files:** Stored Google Docs records to include Docs, Sheets, Slides, and Forms to include records of collaboration and sharing that show who these file(s) were shared with or accessed by and shall include archived copies of Docs, Sheets, Slides, and Forms.

**Google Drive:** Stored files in Google Drive stored by or accessible to the Target Account to include the files EXIF or metadata and records that indicate if a file was shared or accessed by anyone other than the listed Target Account with their associated account identifiers.

**Google Forms:** Records of the Target Accounts use of Google Forms to include forms and surveys that the target created, manages, or participated in with the associated form results.

**Google Photos:** Stored photo and video files to include associated metadata & geo-location data and associated album name, photo image tags provided by the Target Account, tagged photos and the identities of persons tagged in the Target Account's photos if associated with a Google account.

Web and app activity (Including Search): Stored search and internet history

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

activity on apps and browsers from Search, Maps, Now, and other Google products. These records shall also include records collected by the Target Account's use of the Google Toolbar if installed and while the Target Account was signed in.

**Google Gemini:** All prompt history, prompt responses, and documents, videos, or files generated using Google Gemini including timestamps, metadata, and logs regarding user activity.

**Yahoo!**
FOR THE FOLLOWING RECORDS:
Records from the above listed Service Provider for the Email Address: **akaswaki@yahoo.com, mcruz_tx_usa@yahoo.com**
Each of the types of records specified below shall be for the period of **10/1/2020 to 10/27/2025.** for evidence related to the crime(s) of: 182, 132,118a, 530.5(a) of the California Penal Code to wit: Conspiracy, Presenting forged evidence in legal trials or proceedings, Swearing false statements in affidavits to mislead legal proceedings, Using another's personal information for unlawful purposes.

**Subscriber information:** Subscriber information to include name, address, phone number, contact information, additional accounts, and dates associated with account creation and/or suspension for the above listed Target Account.

**Stored Communication:** Stored electronic communications including saved, deleted, sent, stored, & draft email; account histories; digital images, buddy lists, method of payment, detailed billing information, and any other files associated with User and/or User account(s).

III.    **ARGUMENT**

A.    **Applicable Law**

The United States and California constitutions require a finding of probable cause before a search warrant may be issued. (U.S. Const.. 4th Amend.; Cal. Const., art. 1, § 13.) This requirement is codified in section I525, which states that"[ a] search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the place to be searched. "

"[P]robable cause is a flexible, common-sense standard." (*Texas v. Brown* (1983) 460 U.S . 730, 742.) "A 'practical. nontechnical' probability that incriminating evidence is involved is all that is required." (Ibid., quoting *Brinegar v. United States* (1949) 338 U.S. 160, 176.) "This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's ... belief that probable cause exists without detailing any of the 'underlying circumstances ' upon which that belief is based. " (*U.S. v. Ventresca* (1965) 380 U.S. 102, 108.)

The test for probable cause is based on the totality of the circumstances, which allows deficiencies in one area to be compensated for by strengths in another, and ultimately tasks the issuing magistrate with making "a practical , common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 233, 238.) "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." (Id. at p. 239.) The totality of the circumstances test has been adopted by California courts. (*People v. Brueckner* (1990) 223 Cal.App.3d 1500, 1504.)

In 2014, the United States Supreme Court held that a search warrant is required to search the contents of a cell phone, noting that cell phones contain "detailed information about all aspects of a person's life." (*Riley v. California* (2014) 573 U.S. 373,396,403 ("Riley").) CalECPA was enacted in California after the holding in Riley. Pursuant to CalECPA, a warrant seeking access to electronic communication information must "describe with particularity the information to be seized by specifying, as appropriate and reasonable, the time periods covered, the target individuals or accounts, the applications or services covered, and the types of information sought ... . " (§ 1546.1, subd. (d)(l).)

CalECPA also includes a notice requirement. Section 1546.2, subdivision (a)(l ), states that the target of the warrant must be provided notice contemporaneously with execution of the warrant, stating with reasonable specificity the nature of the investigation. "The notice shall include a copy of the warrant or a written statement setting forth facts giving rise to the emergency ." (§ 1546.2, subd. (a)(l).) If the court finds reason to believe that notification may trigger an adverse result, the court may order delayed notification , not to exceed 90 days. (§ 1546.2, subd. (b)(l).) An "adverse result" is defined as either danger to the life or physical safety of an individual, flight from prosecution. destruction or tampering with evidence,

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1   intimidation of potential witnesses, serious jeopardy to an investigation , or undue delay of a

2   trial. (§ 1546, subd. (a).)

3   **B.      Proper Respondent**

4   There is no respondent in this instant case, and the court may acknowledge the unique

5   nature of the instant proceeding, but may allow appearance of counsel on behalf of the

6   Respondent. The court may be cognizant, however, that its review of the warrant is limited to

7   the four corners of the document and renders its ruling with that principle in mind. (*People v.*

8   *Frank* ( 1985) 38 Cal. 3d 711, 729.)

9   **C.      Affiant's Statement of Probable Cause in the Issued Search Warrant**

10  The search warrant failed to establish probable cause. According to the issued search

11  warrant dated November 24, 2025, the following Yahoo and Google users' accounts subject for

12  search warrants are the following: mendonesa8@gmail.com, mcruz_tx_usa@yahoo.com and

13  akaswaki@yahoo.com, in addition is internet service providers, google contacts, google one

14  record, google files, google links, IP address logs, google drive, etc., because these properties

15  or things used as a means of committing a felony or tends to show particular person has

16  committed a felony under Cal. Penal Code §§ 182, 132, 118a, 530.5(a) for evidence of

17  conspiracy, presenting forged evidence in legal trials or proceedings, swearing false statements

18  in affidavits to mislead legal proceedings, using another's personal information for unlawful

19  purposes.

20  The statement of facts is missing, such as how, when, and or in what circumstance these

21  emails became avenues in commission of a crime on issue of metadata in pending appeals?

22  Yahoo and Google accounts are not the methodological tools expert witnesses utilize in analysis

23  and interpretation of metadata. Only forensic digital specialist who can determine if the

24  evidentiary submissions are forged, and personal information from Yahoo and Google accounts

25  are meaningless. Presumptuous remarks without presenting evidence do not establish probable

26  cause. (*People v. Pressey* (2002) 102 Cal.App.4th 1178, 1185.) A finding of probable cause

27  cannot be made from an affidavit that is purely conclusory. (*U.S. v. Ventresca*, supra. 380 U.S.

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT;.MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

at p. 108.) An affidavit must contain detailed circumstances with reasons why the source of the information is credible, and not from hearsay, speculation, belief, suspicion and or assumption. (Id. at pp. 108- 109.) When the gloss of advocacy is stripped away, the instant warrant simply did not establish probable cause for the overwhelmingly invasive search requested. The warrant has no actual facts, instead composed of conclusory allegations and speculation by the affiant. The warrant was lengthy and difficult to navigate, consisting of multiple interconnected and self-referential documents. No facts were presented supporting allegations of actual illegal conduct by Petitioner. Neither inappropriate conduct nor policy violations provide probable cause for an overbroad and intrusive search warrant such as the one in the instant case. Presenting private emails that belong to Petitioners does not constitute criminal activity. The warrant quite simply did not contain allegations of criminal activity supported by any concrete facts. The warrant certainly did not contain allegations sufficient to justify access to Petitioner's entire electronic existence. The court must consider the totality of the circumstances in which the affiant lacked; the warrant challenged in the instant motion was not supported by probable cause.

<u>The search warrant for Petitioners' Yahoo and Google accounts is irrelevant on issue of metadata forensic analysis on evidentiary submissions and presentation of in-person witnesses.</u>

Because Petitioners have access to only a copy of the otherwise search warrant provided by Yahoo and is unable to review the purported "Statement of Probable Cause[1]" indicated as incorporated in support of affiant's affidavit, this Petition focuses on the warrant's overbreadth and deficiencies of particularity. It proceeds in three parts: ***First***, the Petition sets forth the governing CalECPA framework. ***Second,*** the Petition explains why the search warrant's overbreadth violates CalECPA, as well as both federal and state constitutional law; and ***Third***, the Petition explains that Petitioners seized properties should be returned to Yahoo and Google, as its continued official retention violates their constitutional rights.

---

[1] If the affiant's Statement of Probable Cause was the trial court's dismissal by Judge Victoria Kolakowski, it was on pending appeal and judge's disqualification proceeding in Cal. Supreme Court pending decision because the dismissal was based solely on judge's ***"suspicion"***, therefore, the affiant's "Statement of Probable Cause" will be considered as groundless and without legal basis.

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1
2   **D.    CaIECPA Provides Robust and Mandatory Protections Were, As Here, Digital Privacy Is At Stake**

3   **1.    Heightened Particularity Requirement**

4    A decade ago, the United States Supreme Court in *Riley v. California* (2014) 573 U.S.

5   373, 396 recognized that today's digital devices contain vast amounts of extremely sensitive,

6   private information. The Riley Court observed: "Electronic information, such as emails are not

7   just another technological convenience. With all they contain and all they may reveal, they hold

8   for many Americans the privacies of life." (Id. at pp. 396,403, citation omitted.) Following

9   Riley, the California Legislature enacted CaIECPA, Penal Code section1546 et seq., to

10  modernize California's privacy protections in the digital age. The Act establishes two

11  important safeguards to protect Californian's privacy rights when electronic communications

12  and device information are subject of a search. These rules go beyond those present in federal

13  law. (Nicole Ozer, *California is Winning the Digital Privacy Fight* (Nov. 7, 2015)Tech Crunch

14  <htps://techcrunch.com/2015/l    l/07/california-now-has-the-strongestdigital-privacy-law-in-

15  the-us-heres-why-that-matters/>).

16    CaIECPA    protects    all    "electronic    device    information"    and    all    "electronic

17  communications information" from government access, no matter the source or nature of that

18  information.(See Pen. Code, § 1546, subd. (d) [definition of "electronic communication

19  information"]; Id., § 1546, subd. (g) [definition of "electronic device information"]; Id, §

20  1546.1, subd. (a)(1)(3) [protecting both electronic communication and device information].)

21  And second, CaIECPA requires that any warrant seeking access to electronic information be

22  highly specific and narrowly cabined. The statute mandates that a search warrant "describe ***with***

23  ***particularity*** the information to be seized by specifying, as appropriate and reasonable, the time

24  periods covered, the target individuals or accounts, the applications or services covered, and

25  the types of information sought . . . ." (Id, § 1546.1, subd. (d)(1), emphasis added.)

26    CaIECPA's heightened particularity requirement is a direct response to the conclusion

27  in Riley that government officials should not be allowed to broadly rummage through the "vast

28  quantities of personal information" on our digital devices. (Riley, supra,573 U.S. at p. 386.) The

1   Supreme Court reinforced this understanding in *Carpenter v. United States* (2018) 585 U.S.

2   296, noting that an emails and or digital information faithfully follows its owner beyond public

3   thoroughfares and into private residences, doctor's offices, political headquarters, and other

4   potentially revealing locales." (Id at p. 3l l.) California courts are similarly in accord because

5   there is no question that a digital search could potentially expose a large volume of documents

6   or data much of which may have nothing to do with illegal activity." (*People v. Appleton* (2016)

7   245 Cal.App.4[th] 7l7, 725.) Such documents or data "include, for example, medical records,

8   financial records, personal diaries, and intimate correspondence with family and friends."

9   (*Ibid.*)

10         As discussed ante, CalECPA details specific requirements for a warrant seeking

11  access to electronic communication information. These requirements appear to have been

12  completely disregarded in this instant case. As discussed ante, a warrant for electronic

13  communication information must state with particularity the information to be seized , the time

14  period to be covered, the applications and services covered, and the information sought. (§

15  1546. l, subd. (d)(I) .) The instant search warrant made no attempt to limit the amount of

16  information to be searched. General warrants permitting unlimited searches have "long been

17  condemned," even before the advent of smart phones and the passage of CalECPA. (*Aday v.*

18  *Superior Court* (l961) 55 Cal.2d 789, 796.) In the digital age, particularity and specificity in

19  search warrants are more important than ever.

20         The warrant sought all information associated with all their Yahoo and Google accounts.

21  It is not an overstatement to describe this warrant as seeking access to Petitioner's entire

22  electronic existence, which likely contains details about his entire life, including everywhere he

23  has been , everyone he has communicated with, every financial transaction they have made ,

24  and every piece of information they have searched. As seemingly no attempt was made to limit

25  the scope of the search, it is impossible to conclude that the search warrant complied with the

26  particularity requirements of CalECPA. Even if the warrant was supported by probable cause,

27  discussed *post*, the court would still be required to invalidate the warrant as it does not meet the

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1   particularity requirements of CalECPA.

2       The search warrant did not comply with the notice requirement of CalECPA. The search

3   warrant was issued on November 24, 2025 and must be executed promptly upon receipt by the

4   providers. The Petitioners were just notified on this search warrant on January 13, 2026 by

5   Yahoo Inc. Legal. [Exh_B] Notice must be given to the user (or target) contemporaneously with

6   the warrant's execution. – Cal. Penal Code sections 1546 and 1524.

7       In California, the **failure to provide proper or insufficient notice to the users of the**

8   **Yahoo and Google or the target of a search warrant** can lead to the **suppression of evidence**

9   **seized**. Procedural violation suppresses evidence seized under California Penal Code §

10  1538.5. (See *Price v. Superior Court* (2023) 93 Cal. App. 5th 13, 58, 310 Cal.Rptr.3d 520.);

11  (*People v. Meza* (2023), 90 Cal. App. 5th 520);

12          **2.**      **Explicit Remedies for any Violation**

13      One prominent feature of CalECPA's privacy framework are the remedies available for

14  violations of CalECPA, as well as for violations of the California and United States

15  Constitutions. These remedies reflect that the Legislature understood the implications of robust

16  judicial enforcement to address a violation of law, including suppression of evidence, the

17  invalidation of search warrants, and the wholesale deletion of unlawfully obtained material.

18  Specifically, the statute provides that" if a search warrant violates CalECPA or the California

19  or United States Constitutions, the targeted individual may petition the court to void the warrant

20  or to order the destruction of any improperly obtained data or information. (Pen. Code, § 1546.4,

21  subd.(c); see also *Saunders v. Superior Court* (2017) 12 Cal.App.5th Supp. 1, 2213 [CalECPA

22  "provides additional privacy protections" and remedies given the "heightened privacy concerns

23  in both cellphone records, emails and content"]); (*Elkins v. United States* (1960) 354 U.S. 206,

24  217 [emphasizing importance of robust remedies].) [2]

25  

26  [2] That CalECPA authorizes the voiding of a warrant, or the destruction of evidence is an important feature of the
    statutory scheme and one that required CalECPA to pass the California Legislature by a supermajority vote. (See

27  Cal. Const., art. I, § 28, subd.(f)(l).) The two-thirds majority was necessary because the law mandates suppression
    of information beyond that which is required by the United States Constitution. (In re *Lance W.* (1985) 37 Cal.3d

28  873,879.)

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Alternatively, a court may appoint a "special master" to ensure that only information necessary to achieve the objective of the warrant . . . is produced or accessed." (Id., § 1546.1, subd. (e)(l).) These provisions reflect that the Legislature recognized two important characteristics of digital-age information: that people who communicate with the target of a warrant can have their privacy invaded by overbroad or unlawful warrants; and that the mere possession of information by the government (even if it is locked away) has the potential to cause harm.

Section 1546.4, subdivision (a), states that any person "may move to suppress any electronic information obtained or retained in violation of the Fourth Amendment to the United States Constitution or of [CalECPA ]." Section 1546.4, subdivision ( c ), states that an individual targeted by a warrant "may petition the issuing court to void or modify the warrant .... " While it appears that the court does have the discretion to modify the warrant pursuant to section 1546.4, subdivision (c), the proper remedy in this case is to quash the search warrant, return all seized property, and destroy all seized information.

As discussed *ante*, the warrant was lacking in probable cause and failed to comply with any of CalECPA 's particularity requirements. It does not appear that some portions of the warrant may be valid. When the warrant as a whole was in violation of CalECPA, the court must not attempt to undertake the onerous task of sifting through the voluminous documents in order to recover salvageable portions of the warrant, assuming for the sake of argument that any exist.

**E.    The Warrant is Overbroad in Violation of CalECPA, the Fourth Amendment, the First Amendment, and the California Constitution**

**1.    The Warrant Fails to Satisfy CalECPA's and the Fourth Amendment's Particularity Requirements**

When measured against the rubric of the Fourth Amendment and CalECPA, the search warrant for Petitioners fail the test. Both require that a warrant describe with particularity not only the material that can be seized, but also the specific areas, things, and time periods that can be searched for that material. (Pen. Code, § 1546.1, subd. (d)(l).) This particularity

1    requirement prevents overbroad searches and serves as a buttress against "reviled general

2    warrants'" with the government's "rummaging" through our personal lives. (Riley, supra, 573

3    U.S. at p. 403.) The particularity requirement's corollary is that any warrant authorizing a

4    privacy invasion be "as limited as possible." (*Coolidge v. New Hampshire* (1971) 403 U.S. 443,

5    467.) Indeed, "[b]y limiting the authorization to search to the specific areas and things for which

6    there is probable cause to search, the requirement ensures that the search will be carefully

7    tailored to its justifications and will not take on the character of the wide-ranging exploratory

8    searches the Framers intended to prohibit." (*DiMaggio v. Superior Court* (2024) 104 Cal. App.

9    5th 875, 887.)

10         To determine if a warrant is overbroad, courts consider whether probable cause existed

11    to seize all items of a category described in the warrant and if the government could have

12    provided more particularity based on information available. "'[G]eneric classifications in a

13    warrant are acceptable only when a more precise description is not possible.'" (*United States v.*

14    *Kow* (9th Cir. 1995) 58 F. 3d 423,427) [quoting *U.S. v. Cardwell* (9th Cir. 1982) 680 F. 2d 75,

15    78].) In *People v. Meza* (2023) 90 Cal. App. 5th 520, for example, the court found portions of

16    the warrant overbroad where, inter alia, the timeframe was not narrowly tailored given the

17    information available. (*Id.* At pp. 529-40; see Kow, supra,58 F.3d 423, 427 [warrant not

18    sufficiently particular where it did not limit the scope of the seizure to a time frame within

19    which the suspected criminal activity took place]; see also *United States v. McCall* (11th Cir.

20    2023) 84 F.4th 1317,1328 [By narrowing a search to the data created or uploaded during a

21    relevant time connected to the crime being investigated, officers can particularize their searches

22    to avoid general rummaging."].)

23         Nowhere are these constitutional principles more apt than when the search target is one's

24    digital device, which contains electronic information that is susceptible to "over-seizing." As

25    the Ninth Circuit explained in *United States v. Schesso* (9th Cir. 2013) 730 F.3d 1040: "Because

26    electronic devices such as emails can contain vast quantities of intermingled information,

27    raising the risks inherent in over-seizing data, law enforcement and judicial officers must be

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1   especially cognizant of privacy risks when drafting and executing search warrants for electronic

2   evidence." (Id at p. 1042; Appleton, supra, 245 Cal.App.4th at pp. 725-26 [as soon as an officer

3   views personal information during the execution of a search, privacy interests are

4   "compromised"].)

5       The search warrant at issue here flies in the face of this law. It permits the search of

6   virtually all data stored on Petitioners Yahoo and Google from year 2020 to 2025, and it

7   demands access to "all communications content," "all location data," "all photographic/ video/

8   audio data, all internet history, and all indicia of ownership (*Ibid*) It is hard to reconcile how a

9   search with such an unfixed beginning date could be tethered to a time-bounded act of

10  uncertainty on commission of a crime. The search warrant's time frame is both meaningless and

11  all encompassing. The searches are like from presumably date, or date range, but by pegging

12  the start of the search by failing to address how data imported from any of Petitioners prior

13  digital devices should be treated, the warrant improperly authorizes the search of Petitioners'

14  entire digital life.

15      The warrant's scope is similarly unrestricted. It authorizes a search of everything from

16  Petitioners' internet search history to her texts with family to the metadata on every one of their

17  photographs. And the warrant vaguely identifies items of information to be seized as the

18  "evidence and instrumentalities" of unjustified crime out from suspicion, speculation, belief and

19  assumption. But as is relevant here, some courts have found warrants overbroad even when the

20  warrant confined a "search to only records that are evidence of the violation of a certain statute."

21  (*United States v. Cardwel*, (9th Cir. 1982) 680 F.2d 75,77-78; see also *United States v. Clark*

22  (9th Cir. 1994) 31 F.3d 831, 836 [holding that warrant authorizing search for narcotic controlled

23  substances, drug paraphernalia, marijuana cultivation equipment, instructions, notes,

24  cultivation magazines, currency, documents, and records and fruits and instrumentalities of [a]

25  violation of Title 21 U.S.C. § 841(a)(1) was "facially overbroad" because it provided no

26  guidance about the fruit or instrumentality of the alleged crime].)

27      The warrant in this case covers a nebulous, nearly unrestricted time period and fails to

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

describe with particularity the items to be seized, making it indistinguishable from an unconstitutional general warrant. Under CalECPA and the Fourth Amendment, these failures justify the Court's swift intervention.

### 2. The Search Warrant is Overbroad in Violation of Petitioners' First and Fourth Amendment Rights.

The First and Fourth Amendments support privacy, protecting individuals from unreasonable government intrusion. And yet, the search warrant impermissibly encroached on these rights by authorizing law enforcement to examine years' worth of internet searches, geolocation data, photographs, and electronic information without any meaningful temporal limits.

### F. The Court Should Order the Return of Petitioners' Seized Properties in Yahoo and Google

Pursuant to *Gersherhorn v. Superior Court, Los Angeles County* (1964) 227 Cal. App. 2d 361, Petitioners request that the Court order the return of their seized Yahoo and Google properties. The right to regain possession of one's property is a "substantial right." (*Franklin v. Municipal Court* (1972) 26 Cal. App. 3d 884, 896.) And both criminal defendants and nondefendants alike may move for the return of seized property on the basis that a search warrant or seizure was unlawful. (*Ensoniq*, 65 Cal.App.4th at p. 1537.) Here, Petitioners' seized properties from Yahoo and Google was taken on November 24, 2025. The continued retention of their properties with no criminal action pending violates Petitioners' due process rights especially, when special agent officer has had the capacity and opportunity to seize all data subject to the search warrant and should no longer require possession of the properties. (*People v. Lamonte* (1997) 53 Cal.App.4th 544, 549.)

/ / / / / / / / /

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

2    **IV.    CONCLUSION**

3           The search warrant should be quashed, suppressed the seized properties from Yahoo and Google

4    accounts be returned to Petitioners, and all information obtained pursuant to the warrant destroyed. (Pen.

5    Code, §§ 1546.1(d)(2), (e)(2), 1546.4(c), 1538.5 (authorizing courts to "order the destruction of any

6    information obtained in violation of this chapter").

7

8    Dated:____January 16, 2026____                Respectfully submitted,

9

10                                                 ARIEL MENDONES
                                                   *Petitioner, In Pro Se*
11

12                                                 MARIDOL MENDONES
                                                   *Petitioner, In Pro Se*
13    / / / / / / / /

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

2

## <u>DECLARATIONS</u>

3      We, ARIEL MENDONES and MARIDOL MENDONES, declare the following;

4     1.      That we are the Petitioners on these notice petition and motion to quash and to

5             suppress evidence in reference to issuance of search warrant for Yahoo and

6             Google for all the records in association for the following accounts:

7             mendonesa8@gmail.com, mcruz_tx_usa@yahoo.com and

8             akaswaki@yahoo.com.

9     2.      We have personal knowledge on the contents of this declaration and willing to

10             testify in Court as deemed necessary.

11      We declare under penalty of perjury under the laws of the State of California that the

12 foregoing statement is true.

13

14 Dated:___January 16, 2026_____            Respectfully submitted,

15

16                                       ARIEL MENDONES

                                         *Petitioner, In Pro Se*

17

18                                       MARIDOL MENDONES

                                         *Petitioner, In Pro Se*

19 / / / / / / / /

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE
IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Case Number: _____    Warrant Number:   2025_9275

## PROOF OF SERVICE

I am a citizen of the United States. My address is 2416 W Tennyson Rd. Hayward, CA 94545. I am over the age of 18 years and not a party in this cause of action. I am familiar with the collection and processing of mailing in the United States Postal Service and is deposited the same day as the day of collection in the ordinary course of business.

On January 16, 2026 [and or later dates], the following ordinary business practice, I serve a true copy of the foregoing document described as:

**NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**EXHIBITS AND PROPOSED ORDER**

I serve on the address as follows:

| | | |
|---|---|---|
| THE INTERNET SERVICE PROVIDER known as Google LLC<br>Attn: Google Legal/Investigations Support<br>1600 Amphitheatre Parkway<br>Mountain View, CA. 94043<br>Phone: (844) 383-8524<br>Email: uslawenforcement@google.com<br>Service via digital upload: Law Enforcement Request System (LERS) | THE INTERNET SERVICE PROVIDER known as: Yahoo Inc.<br>Attn: Custodian of Records<br>391 San Antonio Rd (Floors 5 & 6)<br>Mountain View, CA 94040<br>Service via electronic upload:<br>https://app.kodexglobal.com/ yahoo-inc/signup<br><br>YAHOO! LEGAL CONTACT INFORMATION<br>Compliance Team, Yahoo! Inc.<br>701 First Avenue<br>Sunnyvale, California 94089<br>Phone: 408-349-3687<br>Fax: 408-349-7541 | ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE<br>California Department of Justice<br>Hiram Duncan, Special Agent<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Room 900<br>Oakland, CA 94612<br>Phone: (510) 272-6222<br>Email: Alcoda@acgov.org |

Via certified and or first-class postal mail and email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration executes on January 16, 2026, in Hayward, CA.

*PnWright*
PENNY WRIGHT
*Declarant, Server*

NOTICE OF PETITION AND MOTION TO QUASH AND TO SUPPRESS EVIDENCE IN REGARD TO ISSUED SEARCH WARRANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF